UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

LANCY KIM,                                              :
                                                       :
                              Plaintiff,               :          **MEMORANDUM & ORDER**
                                                       :            19-CV-02012 (DLI) (VMS)
              -against-                                 :
                                                       :
CLIENT SERVICES, INC.                                  :
                                                       :
                              Defendant.               :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Lancy Kim ("Plaintiff") filed the instant action against Client Services, Inc. ("Defendant")

alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

*See*, Complaint ("Compl."), Dkt. Entry No. 1.  Defendant moved for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c).  *See*, Def.'s Mot. for J. on the Pleadings ("Def.'s

Mot."), Dkt. Entry No. 19-1.  Plaintiff opposed the motion.  *See*, Plf.'s Opp'n to Def.'s Mot. ("Plf.'s

Opp'n"), Dkt. Entry No. 20.  Defendant replied.  *See*, Def.'s Rep. in Supp. of Def.'s Mot.  ("Def.'s

Rep."), Dkt. Entry No. 21.  The parties submitted supplemental authorities.  *See*, Dkt. Entry Nos.

22-27.  For the reasons stated below, Defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

Plaintiff, an individual residing in Queens County, New York, is a "consumer" and

Defendant, a Missouri corporation, is a "debt collector" under the FDCPA.  Compl. ¶¶ 5-13.

Plaintiff owes a debt, and the debt was assigned to Defendant for collection.  *Id.* ¶¶ 25, 29.  On

April 16, 2018, Defendant sent Plaintiff a collection letter (the "Letter"), Dkt. Entry No. 1-1.  The

letterhead included the Defendant's logo and address in the upper left-hand corner.  *Id.*  Below the

Defendant's address, at the top of the letter, the following information was listed:

RE: CHASE BANK USA, N.A.

ACCOUNT NUMBER:  XXXXXXXXXXXX2950
BALANCE DUE:  $7,220.32
REFERENCE NUMBER: [Redacted]5266

Under this information, the letter contained a shaded header that read "SETTLEMENT OFFER[.]"

*Id.*  The text of the settlement offer stated:

> We are offering you a settlement amount of $723.00, to settle this CHASE BANK, USA, N.A. account for less than the balance due.  This offer is valid until 5/6/2018.  If payment in full of the settlement amount is not received in our office by this date, this offer will be withdrawn and will be deemed null and void.  We are not obligated to renew this offer.  If you are unable to pay the settlement amount in full by this due date, please contact our office for alternative payment options which may be available to you.  *Id.*

Beneath the text of the settlement offer, *inter alia*, is the following disclaimer:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*Id.*  Below this last statement, Defendant included a payment coupon that bore the reference number written at the top of the Letter.  The instructions provided that checks were to be made payable to Defendant and remitted to Defendant at the address noted in the letterhead.  *Id.*

Plaintiff alleges that Defendant violated §§ 1692e and 1692e(10) of the FDCPA, which prohibit the use of any false, deceptive, or misleading representations in connection with the collection of a debt.  Compl. ¶ 65.  Plaintiff argues that Defendant's Letter does not identify the creditor or explain the relationship between Defendant and Chase Bank USA, N.A ("Chase Bank").  *Id.* ¶¶ 46-58.  Defendant contends that Plaintiff's claims should be dismissed because Defendant identified itself as the debt collector and Chase Bank as the creditor.  Def.'s Mot. at 2.

## LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where material facts are

undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). In deciding a Rule 12(c) motion, "a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013). "A matter is deemed integral to the complaint when the complaint relies heavily upon its terms and effect. Typically, an integral matter is a contract, agreement, or other document essential to the litigation." *Palin v. New York Times Co.*, 940 F.3d 804, 811 (2d Cir. 2019) (internal quotation marks omitted).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). To withstand such a motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court assumes the truth of the facts alleged and draws all reasonable inferences in the nonmovant's favor. *See*, *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although the complaint need not contain "detailed factual allegations," simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

The FDCPA was enacted to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382 at 1696 (1977). The statute's purpose is to "eliminate abusive

debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA is "primarily a consumer protection statute," and "we must construe its terms in liberal fashion [to achieve] the underlying Congressional purpose." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (internal quotation marks and citations omitted).

To assert a violation of the FDCPA, a plaintiff must allege that: "(1) the plaintiff is a 'consumer' within the meaning of the Act; (2) the defendant is a 'debt collector'; and (3) the defendant must have engaged in conduct in violation of the statute." *Coburn v. P.N. Financial*, 2015 WL 520346, at *3 (E.D.N.Y. Feb. 9, 2015). Plaintiff has alleged that she is a "consumer" and Defendant is a "debt collector" within the meaning of the FDCPA. *See*, Compl. ¶¶ 7-13. Accordingly, the issue before the Court is whether Plaintiff has stated plausible claims that Defendant violated §§ 1692e and 1692e(10) of the FDCPA.

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The section sets forth prohibited practices, including a catch-all provision that bars "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt[.]" *Id.* § 1692e(10). When determining whether a debt collector has violated these sections, courts use an objective test based on the "least sophisticated consumer[.]" *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020). This standard "ensure[s] that the statute protects the gullible as well as the shrewd[,]" but "carefully preserve[s] the concept of reasonableness" and "protects debt collectors from unreasonable constructions of their communications." *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing

4

*Clomon v. Jackson*, 988 F.2d 1314, 1318-20 (2d Cir. 1993)).  Thus, it does not extend to "bizarre or idiosyncratic interpretations of collection notices."  *Id.*

A collection notice is deceptive when "it can be reasonably read to have two or more different meanings, one of which is inaccurate."  *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).  The Second Circuit has held that this standard encompasses a materiality requirement.  *See*, *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018).  Therefore, to survive a motion to dismiss, a plaintiff must identify at least two reasonable interpretations of a collection notice and show that the deception arising from those interpretations is material.  *See*, *Gissendanner v. Enhanced Recovery Co., LLC*, 793 F. App'x 5, 7 (2d Cir. 2019).  A false, deceptive, or misleading statement is "material" if it would "frustrate a consumer's ability to intelligently choose his or her response."  *Cohen,* 897 F.3d at 86 (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)).

Plaintiff argues that the Letter is deceptive because it does not identify the creditor, and it does not explain the relationship between Defendant and Chase Bank.  Compl. ¶¶ 46-58.  Plaintiff contends that the "RE: CHASE BANK USA, N.A." header is insufficient to identify the creditor, and the instructions to remit payments to Defendant would lead the least sophisticated consumer to believe that Defendant or Chase Bank owned the debt.  *Id.* ¶¶ 49-53; Plf.'s Opp'n at 7-9.

Defendant argues that Plaintiff's interpretation of the Letter is bizarre and idiosyncratic for four reasons.  Def.'s Mot. at 3-4, 6.  First, Defendant claims that it identified the creditor at the top of the Letter in "RE: CHASE BANK USA, N.A."  *Id.* at 6.  Second, Defendant listed the account number and balance associated with the account directly below the name of the creditor.  *Id.*  Third, Defendant wrote in the body of the Letter that the account belonged to Chase Bank ("We are offering you a settlement amount of $723.00, to settle this CHASE BANK USA, N.A. account for

less than the balance due."). *Id.* Fourth, Defendant and Chase Bank are the only two entities referenced in the Letter, and Defendant specified that it was the debt collector. *Id.*

Defendant submitted as supplemental authority, a decision from a judge of this Court involving Defendant and an identical letter. Dkt. Entry No. 22-1; *See*, *Campagna v. Client Servs., Inc.*, 2019 WL 6498171 (E.D.N.Y. Dec. 3, 2019). Apart from the debtors' names and addresses, account numbers, balances, and reference numbers, there are no material differences between Defendant's letter in *Campagna* and Defendant's Letter here. The *Campagne* court denied the plaintiff's motion for summary judgment finding that the letter was not deceptive, false or misleading under § 1692e. *See*, *Campagna*, 2019 WL 6498171, at *9-11. This Court finds the *Campagna* court's analysis persuasive as discussed below.

The Court notes that, like the plaintiff in *Campagna*, Plaintiff here does not identify the Letter as an "initial communication" from Defendant, which presumably explains why she did not bring a claim under § 1692g. *See*, *Lugo v. Forster & Garbus, LLP*, 2019 WL 5303957, at *2 (E.D.N.Y. Oct. 21, 2019) ("Section 1692g(a)(2) of the FDCPA requires debt collectors to inform consumers of 'the name of the creditor to whom the debt is owed' '[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt.'").[1] As the *Campagna* court held, § 1692g does not apply to communications made subsequent to a debt collector's initial disclosures. *See*, *Campagna*, 2019 WL 6498171, at *6-7. Sections 1692e and 1692e(10) also do not impose any obligation to disclose the creditor's name. *Id.* at 7. The least sophisticated consumer possesses reasonable knowledge of her account's history, and she does not read a debt collection letter in complete isolation from her financial history. *See*, *Ocampo v. Client Servs., Inc.*, 2019 WL 2881422, at *2 (E.D.N.Y. July 3, 2019).

---

[1] Defendant asserts that prior to sending the Letter, it previously contacted Plaintiff by letter on January 29, 2018 and March 19, 2018, though it did not file those letters with the Court. *See*, Answer, Dkt. Entry No. 7 at ¶ 31.

Even if § 1692g(a)(2) applied to all subsequent communications with a consumer, Plaintiff has not alleged plausible violations of §§ 1692e and 1692e(10).  Plaintiff correctly argues that some courts in this district have held that merely stating "re:" and the name of an entity in a collection letter does not identify the creditor.  *See*, Plf.'s Opp'n at 19 (citing, *inter alia*, *White v. Prof'l Claims Bureau, Inc.*, 284 F. Supp.3d 351 (E.D.N.Y. 2018); *McGinty v. Prof'l Claims Bureau, Inc.*, 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016); *Datiz v. Int'l Recovery Assocs., Inc.*, 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016)).  However, as the *Campagna* court noted, other courts in this district have concluded that unadorned references to the creditor, in some contexts, can be sufficient identification.  *See*, *Ocampo*, 2019 WL 2881422, at *2; *Schlesinger v. Jzanus Ltd.*, 2018 WL 2376302, at *3 (E.D.N.Y. May 24, 2018); *Taylor v. MRS BPO, LLC*, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017).  The Court finds this latter line of cases persuasive.

When read in its entirety, the Letter clearly establishes that Defendant is acting as a debt collector for Chase Bank, and Chase Bank is the creditor.  Initially, Defendant identifies Chase Bank and Plaintiff's account number with Chase Bank in the Letter's header, which "strongly suggests" that Chase Bank is the current creditor.  *Taylor*, 2017 WL 2861785, at *3.  Defendant then explicitly refers to Plaintiff's Chase Bank account a second time in the body of the Letter and writes, "[w]e are offering you a settlement amount of $723.00 to settle *this CHASE BANK USA, N.A. account*[.]"  Letter (emphasis added); *See*, *Stehly v. Client Servs., Inc.*, 2019 WL 2646664, at *4 (E.D.N.Y. June 27, 2019) (references to Chase Bank in header and body of collection letter indicated that Chase Bank was the creditor).  Defendant specifies at the end of the Letter that it is the debt collector, written entirely in capital letters.  Chase Bank is the only other entity named in Defendant's Letter.

Plaintiff's interpretation that Chase Bank may have transferred the debt to Defendant, such that Defendant is both the creditor and debt collector is an idiosyncratic and unreasonable interpretation that goes beyond the text of the Letter.  The least sophisticated consumer would not make such a leap.  The Letter does not indicate or even suggest that the debt was sold, transferred or assigned from Chase Bank to Defendant or any other entity.  *Cf. Dewees v. Legal Servicing, LLC*, 506 F. Supp.2d 128, 132 (E.D.N.Y. 2007) (denying motion to dismiss where collection letter "clearly indicate[d] that, at some point, C[hase] 'sold' the debt[,]" but did not state to whom the debt was sold).  While Defendant instructs Plaintiff to remit payments to Defendant, the least sophisticated consumer would comprehend from the multiple references to Chase Bank, including specific references to Plaintiff's Chase Bank account and account number, that Defendant was collecting a debt for Chase Bank, the creditor.  *See*, *Stehly*, 2019 WL 2646664, at *5.  Thus, Plaintiff has failed to state plausible claims that Defendant violated §§ 1692e and 1692e(10).

Plaintiff relies on *Steffek, et al. v. Client Servs., Inc.*, *et al.*, 948 F.3d 761 (7th Cir. 2020) as supplemental authority to support her claim that the Letter violates the FDCPA.  *See*, Dkt. Entry No. 23.  *Steffek* is not binding on this Court, and the Court need not adopt its reasoning.  "Binding precedent for the district courts within a circuit is established by the Supreme Court and by the court of appeals for the circuit in which the district court sits.  'There is no room in the federal system of review for rote acceptance of the decision of a court outside the chain of direct review.  If a federal court simply accepts the interpretation of another circuit without independently addressing the merits, it is not doing its job.'"  *In re Ramaekers*, 33 F. Supp.2d 312, 315 (S.D.N.Y. 1999) (quoting *In Re Korean Air lines Disaster*, 829 F.2d 1171, 1175 (D.C. Cir. 1987)).

Plaintiff erroneously contends that *Steffek* forecloses Defendant's arguments in this case based on the doctrine of collateral estoppel.  *See*, Dkt. Entry No. 23.  In order for Plaintiff to apply

collateral estoppel offensively, "(1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits." *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986). "The party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues[.]" *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991). The Court has "broad discretion" to determine whether collateral estoppel should apply. *Bear, Stearns & Co., Bear, Stearns Sec. Corp. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91-92 (2d Cir. 2005) (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331 (1979)).

Collateral estoppel does not apply here because the issues in *Steffek* and the instant case are not identical. *See*, *Toussie v. Cnty. of Suffolk*, 806 F. Supp.2d 558, 572 (E.D.N.Y 2011) ("Collateral estoppel depends on the specific facts of *each case* and will only prohibit the re-litigation of issues that were 'actually and necessarily' decided."). In *Steffek*, the plaintiffs alleged that Defendant failed to identify the creditor in a debt validation notice and did not explain if Chase Bank, the only other entity named in the letter, owned or sold the debt to another entity. *Steffek*, 948 F.3d at 763. The Seventh Circuit agreed with the plaintiffs that the least sophisticated consumer could not identify the creditor from the Defendant's letter. *Id.* However, the Defendant's letter in *Steffek* differs markedly from the Letter in this case in three material respects.

First, the letter in *Steffek* was a debt validation notice and the plaintiffs were pursuing claims under § 1692g and § 1692e. As discussed above, Plaintiff is not pursuing a claim under § 1692g, and the Letter is a settlement offer, not an initial debt validation notice. Second, the letter in *Steffek* references Chase Bank only once in the header, whereas the Letter here references Plaintiff's Chase Bank account both in the header and the body of the Letter. Third, the letter in

*Steffek* contained language inviting the recipients to write to Defendant to find out "the name and address of the original creditor, if different from the current creditor." *Id.* at 764. The Seventh Circuit found that this sentence "raised the possibility that the debt could have been resold, but the letter did not clarify who actually owned the debt." *Id.* at 765. No such language appears in Defendant's Letter. Therefore, Plaintiff's assertion that the Seventh Circuit's ruling in *Steffek* concerned the content of Defendant's letter at issue in this case is not correct and collateral estoppel does not apply here. Dkt. Entry No. 23.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion for judgment on the pleadings is granted and this action is dismissed in its entirety, with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
     September 30, 2020

_____
/s/
DORA L. IRIZARRY
United States District Judge
